IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AGALEAN CLEMONS, #217604, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09-CV-434-WHA |
| | ) [WO] |
| CYNTHIA S. WHEELER-WHITE, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Agalean Clemons ["Clemons"], a state inmate, on May 11, 2009.[1] In this petition, Clemons challenges the amount of time credit awarded to her by the Circuit Court of Mobile County, Alabama on sentences imposed for convictions of second degree theft of property and possession of a controlled substance.

**DISCUSSION**

This court "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner.  28 U.S.C. § 2241(d).

---

[1] Although the Clerk of this court stamped the present petition "received" on May 14, 2009, Clemons executed the petition on May 11, 2009. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 7. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Clemons] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers  April 13, 2009 as the date of filing.

Clemons contends the amount of time-served credit granted to her by the Circuit Court of Mobile County, Alabama is incorrect and requests that this court be required to award her additional credit for all "time spent under state confinement." *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 5.  Mobile County is located within the jurisdiction of the United States District Court for the Southern District of Alabama.  In light of the foregoing, the court concludes that transfer of this case to the Southern District for review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).[3]

It is further

ORDERED that on or before June 12, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised

---

[2] In transferring the instant case, this court makes no determination regarding the merits of the petitioner's claim for relief nor whether the petitioner has exhausted available state court remedies prior to filing a federal habeas petition as required by 28 U.S.C.§ 2244(b)(1)(A).

[3] The petitioner filed neither the requisite filing fee nor an affidavit in support of a request for leave to proceed *in forma pauperis*.  However, under the circumstances of this case, decisions related to the petitioner's *in forma pauperis* status, including the assessment and collection of any filing fee, should be undertaken by the United States District Court for the Southern District of Alabama.  Thus, this court will not address the petitioner's failure to submit documents necessary to a determination of her *in forma pauperis* status.

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done, this 29th day of May, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE